DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
The instant disciplinary proceeding arises from two counts of formal charges brought by the Office of Disciplinary Counsel (ODC) against Charles H. White, a New Orleans attorney, for his failure to timely file a brief, failure to comply with several court orders seeking his appearance, and his failure to attend a deposition at the request of the ODC, in violation of Rules 1.1, 1.3, 3.2, 3.4(c), 8.1(b), 8.1(c), 8.4(a), 8.4(d), and 8.4(g) of the Rules of Professional Conduct, and Supreme Court Rule XIX, § 9(a) and (c).
The underlying facts as to the first count indicate that on July 24, 1995, respondent was appointed by the United States Court of Appeals for the Fifth Circuit as appellate counsel for an indigent criminal defendant, Aubrey Lee.[1] On September 25, 1995, Lee’s opening brief was due; however, respondent failed to comply with the court-imposed deadline. On October 3, 1995, the court issued a show cause order advising respondent that the appeal was subject to dismissal, and that respondent would be subject to disciplinary action for his failure to file the brief. Respondent subsequently requested an extension of time to file the brief. On November 3, 1995, the court granted a request from respondent for an extension of time to file the brief until November 25, 1995, noting that no further extensions |2would be granted. Despite being repeatedly reminded by the clerk’s office of his deadline, respondent failed to file the brief. As a result, the court issued an order relieving respondent of his appointment in the Lee matter on January 31, 1996 and appointed substitute counsel. The order recounted the court’s unsuccessful efforts to contact respondent.
On February 2, 1996, the court entered another order to show cause compelling respondent to respond within ten days as to why he should not be suspended from practice before the Fifth Circuit for his actions.[2] Although the clerk’s office contacted respondent on two occasions reminding him of the necessity of his compliance to the court’s show cause order, respondent failed to respond. On April 23, 1996, the Fifth Circuit suspended respondent indefinitely from practice in any federal court in its jurisdiction. On May 6, 1996, the ODC wrote to respondent seeking his response to the federal court’s suspension and disciplinary referral. Respondent failed to answer.
*377 The second count involved respondent’s actions in failures to respond in connection with the investigation of a disciplinary complaint by the ODC during the same time period as the first court.[3]
After respondent failed to respond to the ODC’s requests of September 27 and November 6, 1995 for information concerning the complaint, respondent was served with a subpoena on March 18, 1996 ordering him to appear before the ODC to formally testify in the investigation. On March 26, 1996, respondent failed to appear at the scheduled deposition. Respondent appeared for the deposition on |8March 28, 1996, two days after it was scheduled, and claimed that he had made a calendaring error.
Formal charges were filed, and respondent filed an answer. A formal hearing was conducted before the hearing committee and respondent appeared offering testimony on his own behalf.
At the conclusion of the hearing, the committee concluded the ODC proved respondent’s violations of the Rules by clear and convincing evidence. The committee found several aggravating factors, specifically, other prior disciplinary transgressions,[4] a pattern of misconduct with two prior related offenses, commission of multiple offenses, and his substantial experience in the practice of law.[5] As to mitigating factors, the committee noted the remoteness of two of the prior disciplinary transgressions (i.e., 1985 & 1989), respondent’s expression of remorse, the imposition of another sanction (i.e., federal court suspension), and respondent’s personal problems arising from the dissolution of his legal practice | ¿which resulted in his exercising poor judgment. While finding that respondent’s misconduct did not result in actual injury,[6] the committee stated the conduct was symptomatic of a problem which had the potential to result in very great harm to other clients if it remained uncorrected. Therefore, the committee recommended a one-year suspension, with nine months deferred, followed by a two-year probationary period subject to certain conditions.
The ODC filed an objection to the hearing committee’s findings and recommendations, contending that a suspension for a period of one year and a day was appropriate discipline.
The disciplinary board adopted the findings and recommendation of the committee, but amended the committee’s proposed conditions of probation. One member of the board dissented.
On May 9, 1997, the ODC filed an objection with this court to the disciplinary board’s findings and recommendation.
This court concludes that respondent’s repeated disregarding of the orders of the highest federal and state courts in Louisiana in this case, when considered with prior sanc-tionable misconduct, warrant a suspension of one year without any deferral of the suspension. While the conduct did not involve dishonesty or significant injury to clients, a harsher penalty is apparently necessary to *378 avoid the great potential for harm to other clients from continued misbehavior of this type when lesser sanctions have not deterred such misconduct.
Accordingly, it is ordered that respondent, Charles H. White, be suspended from the practice of law for a period of one year, to be followed by a two-year period of supervised probation under the conditions recommended by the|5disciplinary board.

 Traylor, L, not on panel. Rule IV, Part 2, § 3.

. After pleading guilty to a drug offense in the United States District Court for the Southern District of Mississippi, Lee objected to the government’s use of certain information to increase the suggested sentencing guideline number in a manner he thought breached his agreement with the government. Since Lee’s trial counsel did not think there was a breach of the agreement. respondent was appointed to handle the appellate issue.

. Respondent ultimately filed an untimely brief with the clerk's office on February 8, 1996; however, it was returned the following day by the clerk's office indicating that it was "unfiled” based on his being relieved of his appointment as Lee's counsel.

. The underlying complaint was ultimately dismissed, and the dismissal was affirmed. Therefore, the facts of the complaint are not before us.

. Respondent’s prior discipline includes:
1. Two formal private reprimands, 1985, improperly handling of client settlement funds;
2. Ninety-day suspension, 1989, improper handling of client funds;
3. Admonition, 1994, failure to cooperate and respond to written complaint; and
4. Admonition, 1995, incompetence, lack of diligence, and failure to communicate with a client.
The committee also noted that in an unrelated matter, No. 96-DB-002, formal charges are pending against respondent. The charges were filed on January 17, 1996, and were deemed admitted when respondent failed to answer. The matter is currently pending before Hearing Committee No. 12 and is completely unrelated to the instant proceeding.

. Although the disciplinary counsel argued that "vulnerability of the victim” should be considered as an aggravating factor, the committee found that since Lee had pleaded guilty, the appeal affected only the length of Lee’s sentence, thus "rendering the delay of several months in the appellate briefing schedule of minor consequence.”

. Since the Lee appeal involved only a challenge to the sentence, the Committee observed that the delay did not cause substantial harm. And because of the underlying complaint in the second count was dismissed, the injury was to the system and not the client.'