liPER CURIAM.*
The instant disciplinary proceeding arises from two counts of formal charges brought by the Office of Disciplinary Counsel (“ODC”) against Charles H. White, an attorney licensed to practice law in the State of Louisiana.[1] The charges allege that respondent failed to communicate with his client, failed to refund unearned fees, failed to provide an accounting, charged an excessive and unreasonable fee, failed to act with diligence and promptness, failed to withdraw as counsel upon discharge, and failed to attend a deposition at the request of the ODC, in violation of Rules 1.1, 1.3, 1.4, 1.5(a), 1.15(b)(c), 1.16(a)(d). 3.4(c), 8.1(b)(c) and 8.4(a)(d)(c)(g) of the Rules of Professional Conduct, and Rule XIX, § 9(c) of the Rules of the Supreme Court of Louisiana.
The underlying facts of the first count indicate that respondent was retained in May 1993 to represent Claudia Meyi, the executrix of the estate of Vivien Manade, and to handle the affairs of the succession. On November 15, 1993, Mrs. Meyi tendered two checks to respondent drawn on the succession bank account. The first check was in the amount of $12,815.51 for an advance on attorney fees, and the second check was in the amount of $1,049.00, representing filing fees for the tableau of distribution and reimbursements for payment of homeowner’s insurance premiums. Over six months later, Mrs. Meyi issued another check for reimbursement for payment of city taxes.
The record indicates that respondent failed to keep Mrs. RMeyi informed of the status of the succession matter or provide copies of cancelled checks and bills, despite numerous letters, telephone calls and visits to the respondent’s office. As a result, Mrs. Meyi consulted with attorney Kevin Dwyer, who reviewed court records to find that a petition for possession and judgment after a final account had not been filed. On May 24, 1994, Mr. Dwyer wrote to respondent regarding his findings.
On June 3, 1994, respondent filed a “Petition Filing Final Account” and “Executrix’s Final Account” for the period from June 29, 1993 to May 31,1994. Although the account-ings indicated that respondent paid the homeowner’s insurance premiums and' city inheritance taxes, neither were paid. Moreover, respondent collected $712.63 for city *965 taxes from Mrs. Meyi, when in fact only $402.73 was assessed by the city. While respondent advertised in the newspaper that he had a final succession accounting, court records revealed that no such accounting was filed. Respondent failed to deliver to St. Augustine Seminary its legacy, and failed to file state inheritance tax returns or pay the estate taxes which were due. When Mrs. Meyi and her husband requested information regarding these matters, respondent failed to respond.
On September 19, 1994, attorney Kevin Dwyer forwarded a motion to substitute counsel to respondent, at the request of Mrs. Meyi, which he asked respondent to sign and return. In addition, he asked respondent to refund his unearned fee and account for the discrepancies that existed with the taxes and insurance. Respondent failed to return the Motion to Withdraw as Counsel or comply with his written requests, as well as subsequent correspondence.
The second count arose from respondent’s actions in connection with the ODC’s investigation of the complaint filed by Mr. Dwyer on behalf of Mr. Meyi and her husband. After respondent failed to respond to the ODC’s request for information concerning the complaint, respondent was served with a subpoena and subpoena duces tecum ordering him to appear before the ODC to formally testify in the investigation and produce his files concerning the | ^succession. Forty minutes before the scheduled deposition, respondent left a voice mail message stating that he had a stomach virus and was unable to attend his deposition, but would have his file delivered. Respondent failed to deliver his file.
Subpoenaed records provided by Whitney National Bank reflect that respondent deposited the two checks issued by Mrs. Meyi on November 15,1993. As of February 4,1994, respondent’s trust account was overdrawn and continued to have a negative balance throughout 1994 and 1995. He failed to refund his unearned fee or the amounts paid by Mrs. Meyi for insurance and taxes.
On May 13, 1997, the hearing committee filed its recommendation concluding that respondent violated duties owed to his client by failing to communicate, failing to act with competence and due diligence, and failing to sign the motion to substitute counsel. In light of the routine nature of the succession matter and the fact that he was terminated before completion of. the proceeding, the committee concluded respondent’s fee was excessive, and that he failed to account or refund the unearned portion of the legal fee and the fees entrusted to him for third parties. As to conduct involving dishonesty, deceit and fraud, it determined respondent intentionally overstated and collected the amount due for property taxes. ' Finally, it concluded that he violated his duties to the legal system and to the profession by his refusal to cooperate with disciplinary counsel.
After finding the existence of numerous aggravating factors, but no mitigating factors, the committee recommended that respondent be suspended from the practice of law for two years, with reinstatement conditioned upon two years of supervised probation, full restitution, and sixteen hours of continuing legal education in the field of solo practice.
On October 29, 1997, the disciplinary board filed its findings and recommendation with this court. While the disciplinary board concurred in the findings of the hearing committee, it deviated from the recommended sanction. In doing so, it recognized that respondent commingled and converted client funds |4by withdrawing funds, which were paid in the form of fees not due him. The board found the succession was deprived of the fees and costs paid to respondent for over four years. It noted that the executrix was required to retain new counsel and pay additional legal fees and costs to her new attorney to complete succession proceedings for which respondent had previously been paid. Finally, it pointed out that respondent did not make any restitution or efforts at restitution.
Relying on LSBA v. Hinrichs, 486 So.2d 116, 122 (La.1986), the board concluded disbarment was the baseline sanction. While finding no mitigating factors to be present, *966 the board noted the presence of several aggravating factors: prior disciplinary record,[2] dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of disciplinary proceeding, refusal to acknowledge wrongful conduct, indifference to making restitution, vulnerability of the victim[3] and substantial experience in the practice of law.[4] Based on these factors, it concluded disbarment was the only appropriate sanction. Additionally, it recommended that respondent pay costs of the proceedings and be required to make restitution in the event heRappIiedfor readmission.
Neither respondent nor the ODC filed objections to the recommendation of the disciplinary board.
Upon review of the record of the disciplinary board’s findings and recommendation, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendation be adopted.
Accordingly, it is ordered that the name of Charles H. White be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution in this matter. All costs of these proceedings are assessed to respondent.

 Traylor, J., not on panel. Rule IV, Part 2, § 3.

. On September 17, 1997, this court issued an order in an unrelated matter suspending respondent from the practice of law for a period of one year followed by a two year period of supervised probation. In re: Charles H. White, 97-1152 (La.9/19/97), 699 So.2d 375. This court denied rehearing on November 21, 1997.

.The disciplinary board cited the following instances of prior discipline:
1. Formal private reprimand, 1985, improper handling of client settlement funds;
2. Formal private reprimand, 1985, improper handling of client settlement funds;
3. Ninety (90) day suspension, 1989, improper handling of client funds;
4. Admonition, 1994, failure to cooperate and respond to written complaint;
5. Admonition, 1995, incompetence, lack of diligence, and failure to communicate with a client.
Additionally, although not in the record before the hearing committee, the board took notice of this court’s decision in In Re: Charles H. White, 97-1152 (La.9/19/97), 699 So.2d 375, where the court suspended respondent from the practice of law for a period of one year followed by a two year probationary period for failure to file a timely brief, failure to comply with court orders, failure to cooperate and failure to respond to a written complaint. At the time the disciplinary board issued its decision, the matter was not final. Subsequently, respondent’s application for rehearing was denied by this court on November 21, 1997. Accordingly, although this suspension is not technically part of the record of the instant proceeding, we will take judicial notice of it.

. Mrs. Meyi was 82 years of age, blind, and she underwent triple bypass surgery during respondent’s handling of the succession matter.

. Since graduating from Southern Law School in 1966, respondent has been engaged in the practice of law as a small firm practitioner.