ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM. *
This attorney disciplinary proceeding arises from a petition for consent discipline filed by respondent, Glen Edward Smith, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension.[1]
FORMAL CHARGES

Count I

Dudley Davis, Jr. retained respondent to represent him in connection with a person *799 al injury matter. In December 1995, respondent settled Mr. Davis’ case for $289,-000, but he did not advise his client of this fact. Respondent did not disburse the settlement funds, provided no accounting to his client, and converted a substantial portion of the funds to his own use. Respondent also forged his client’s signature on the settlement and release documents, and represented to opposing counsel that the documents were genuine. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mr. Davis.
The ODC alleges that respondent’s conduct violates Rules 1.4 (failure to communicate with a client), 1.8 (prohibited transactions between a lawyer and a client), 1.14 (representing a client under a disability), 1.15 (safekeeping property of a client or third person), 3.3(a) (candor toward the tribunal), 3.4(b) (falsifying evidence), 3.4(c) (knowing disobedience of the rules of a tribunal), 4.1 (truthfulness in statements to others), 8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(b) (commission of a criminal act reflecting adversely on the | ^lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

Count II

In June 1998, Carl Johnson paid respondent $6,500 to represent him in connection with a criminal matter. In August 1998, respondent received a $5,000 refund of unearned fees from Mr. Johnson’s prior counsel. Respondent did not remit the funds to Mr. Johnson; rather, he deposited the funds in his trust account, claiming the funds were a disputed fee. Respondent refused to return the funds upon Mr. Johnson’s request or to render an accounting. Moreover, respondent failed to cooperate in the ODC’s investigation of a complaint filed by Mr. Johnson.
The ODC alleges that respondent’s conduct violates Rules 1.5(f)(6) (fee disputes between a lawyer and a client), 1.15, 8.1(c), and 8.4(c) of the Rules of Professional Conduct.

Count III

Mark Lawrence paid respondent $400 to represent him in connection with two criminal misdemeanor matters. Respondent neglected the matter and failed to communicate important developments and information regarding the status of. the matter to Mr. Lawrence. In November 1997, Mr. Lawrence discharged respondent; however, respondent refused to return the unearned portion of the fee or to render an accounting.
The ODC alleges that respondent’s conduct violates Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4, 1.5(f)(3) (payment of fees in advance of services), and 1.5(f)(6) of the Rules of Professional Conduct.

Count TV

In connection with the matter which is the subject of Count I, respondent was also retained to represent the interests of Kathleen Davis, the wife of Dudley Davis, Jr. Prior to the negotiated settlement in that matter, Mr. and Mrs. Davis divorced. Nevertheless, without Mrs. Davis’ knowledge, authority, or consent, and without advising her to seek independent counsel, respondent dismissed Mrs. Davis’ loss of consortium claim. Moreover, respondent gave false and |smisleading testimony to the ODC and failed to cooperate in the ODC’s investigation of the Davis complaint.
The ODC alleges that respondent’s conduct violates Rules 1.2 (scope of the representation), 1.4, 1.7 (conflict of interest), 1.8, 8.1(a), 8.1(c), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.

*800
Count V

In May 1997, Virginia Annison paid respondent $1,000 to represent her son, Rodney, who had been charged with DWI, sixth offense. Respondent neglected the matter and failed to represent his client diligently. In June 1997, the Annisons discharged respondent; however, respondent refused to return the unearned portion of the fee or to render an accounting. Moreover, respondent gave false and misleading testimony to the ODC in its investigation of the Annison complaint.
The ODC alleges that respondent’s conduct violates Rules 1.1 (failure to provide competent representation to a client), 1.2, 1.3, 1.4, 1.5(f)(6), 1.15, 8.1(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.

Count VI

James Lea and Oscar Lea retained respondent to represent them in connection with a personal injury matter. During the course of the representation, respondent arranged for both clients to receive loans financed through a Baton Rouge loan company. Respondent assured his clients that the loans would be repaid from the proceeds of any settlement of the case. In December 1997, respondent settled the case, but he did not advise his clients of this fact. Respondent did not disburse the settlement funds, provided no accounting to his clients, and converted a substantial portion of the funds to his own use. Moreover, respondent did not pay his clients’ loans in full after the settlement, such that the balance now due on the loans far exceed the sums for which the case was originally settled. The ODC further alleges that the loans were made for respondent’s benefit in order to induce and encourage the Leas to retain his legal services. The terms and conditions of the loans were not fair and reasonable and were subject to an exorbitant interest rate and fees for credit life insurance. Moreover, after the Leas sued respondent, he made false and misleading |4statements of fact when he asserted the defense of prematurity, on the ground that the underlying litigation had not been settled, despite his knowledge that it had been. Respondent also failed to cooperate in the ODC’s investigation of a complaint filed by James Lea and Oscar Lea.
The ODC alleges that respondent’s conduct violates Rules 1.8, 1.15, 3.3(a), 3.4(c), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
After the formal charges were filed, respondent filed a petition for consent discipline, proposing that he be disbarred, effective the date of his interim suspension. The ODC concurred in the petition.

Disciplinary Board Recommendation

The disciplinary board found respondent has acknowledged that he engaged in the misconduct set forth in the petition for consent discipline. The board found that respondent violated a duty owed to the legal system, the public, and the profession, and that respondent’s misconduct was knowing, intentional, and caused actual harm to respondent’s clients and to third parties. The board identified several aggravating factors, including dishonest and selfish motive, a pattern of misconduct, and multiple offenses, but only one mitigating factor, lack of prior discipline.
Given the seriousness of the misconduct, coupled with the significant aggravating factors, the board concluded the proposed consent discipline is appropriate.[2] Accordingly, the board recommended respondent be disbarred from the practice of law, effective the date of his interim suspension.
*801 Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
| ¿DISCUSSION
Respondent has admitted to numerous violations of the Rules of Professional Conduct, including several instances of commingling and conversion of client funds. Respondent’s actions conclusively demonstrate he lacks the fitness to practice law in this state. Based on our review of the record, we conclude disbarment is the appropriate sanction under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Glen Edward Smith be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension. Respondent is ordered to make full restitution to his clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Johnson, J., not on panel. Rule IV, Part II, § 3.

. On June 30, 1999, this court granted a joint motion for interim suspension filed by respondent and the ODC. In re: Smith, 99-1575 (La.6/30/99), 738 So.2d 1053.

. In support of its recommendation of disbarment, the board cited In re: Banks, 99-0609 (La.5/7/99), 734 So.2d 613; In re: White, 97-2731 (La.2/6/98), 706 So.2d 964; and Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986).