775 So.2d 1043 (2000)
STATE of Louisiana
v.
James Michael CASEY.
No. 99-KA-0023.
Supreme Court of Louisiana.
February 11, 2000.
Rehearing Denied March 17, 2000.
Lawrence M. Johnson, John Michael Lawrence, Shreveport, Counsel for Applicant.
Hon. Richard P. Ieyoub, Attorney General, Hon. James M. Bullers, District Attorney, Whitley Robert Graves, Benton, Counsel for Respondent.
PER CURIAM.[*]
Whitley Graves, assistant district attorney for the Parish of Bossier, appeared before this court on January 18, 2000, to show cause why he should not be held in contempt for failing to file a Sentence Review Memorandum in a timely manner. Supreme Court Rule XXVIII, section 4 requires the district attorney's office to file a Sentence Review Memorandum in all capital cases within thirty days from the *1044 time the defense's brief is filed in this court. In this case, the deadline for this filing was April 29, 1999, which was not met. On June 3, 1999, a demand for Sentence Review Memorandum and brief was sent to the district attorney's office by this court. On June 14, 1999, the state's motion for extension of time to file brief, signed by Whitley Graves, was granted by this court with the following order:
Granted. The state may have an additional 60 days from the date of this order to file its original brief and Sentence Review Memorandum.
Mr. Graves eventually filed a brief in this matter on October 18, 1999, which was untimely, but not a Sentence Review Memorandum. On November 29, 1999, this court personally informed Mr. Graves before beginning oral arguments in the matter that he was required to file a Sentence Review Memorandum. Mr. Graves told this court he had a copy of the memorandum with him and would check with the clerk's office after arguments to take care of the matter. On December 28, 1999, after the Sentence Review Memorandum was still not filed, Mr. Graves was personally served with a rule to show cause, issued by this court, why he should not be held in contempt for failing to file the Sentence Review Memorandum in a timely manner.
During Mr. Graves' appearance before this court on January 18, 2000, he claimed that he had not received any notice that he was required to file a Sentence Review Memorandum, despite the order dated June 14, 1999 from this court and despite being personally informed by the court before oral arguments on November 29, 1999, of his obligations under Rule XXVII. Instead, Mr. Graves blamed his leave of absences, poor health and incompetent staff for his failure to adhere to Supreme Court Rule XXVIII, section 4 and the lawful orders of this court. The Sentence Review Memorandum was finally filed in this court on January 18, 2000.
Based upon the foregoing, we hold that Whitley Graves willfully disobeyed a lawful order of this court by failing to file the required Sentence Review Memorandum in a timely manner and, thus, hold him in contempt. Accordingly, we fine him $250.00 and a copy of this opinion will be forwarded to the Office of Disciplinary Counsel.
NOTES
[*] Calogero, C.J., not on panel. See Rule IV, Part 2, § 3.