ATTORNEY DISCIPLINARY PROCEEDINGS.
LPER CURIAM.*
This disciplinary proceeding arises from a joint petition for consent discipline filed by the Office of Disciplinary Counsel (“ODC”) and respondent, Whitley R. Graves, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
Respondent, an assistant district attorney for the Parish of Bossier, represented the State of Louisiana in a capital case pending before this court, State v. Casey, 99-KA-0023. Supreme Court Rule XXVIII, § 4 requires the district attorney’s office to file a Sentence Review Memorandum in all capital cases within thirty days from the time the defense’s brief is filed in this court. Respondent did not file a Sentence Review Memorandum by this deadline, which was April 29, 1999.
On June 3, 1999, this court sent a demand for brief and Sentence Review Memorandum to the district attorney’s office. Respondent, on behalf of the State, filed a *531 motion for extension of time to file his brief and Sentence Review Memorandum. On June 14, 1999, this court granted respondent an additional sixty days to file a brief and Sentence Review Memorandum.
12Respondent eventually filed a brief in this matter on October 18, 1999, but did not file a Sentence Review Memorandum. On November 29, 1999, this court personally informed respondent before beginning oral arguments in the matter that he was required to file a Sentence Review Memorandum. Respondent told this court he had a copy of the memorandum with him and would check with the clerk’s office after arguments to take care of the matter.
After one month, respondent had still not filed a Sentence Review Memorandum. Accordingly, on December 28, 1999, this court ordered respondent to show cause why he should not be held in contempt for failing to file the Sentence Review Memorandum in a timely manner.
Respondent appeared before this court on January 18, 2000, claiming that he had not received any notice that he was required to file a Sentence Review Memorandum, despite the order dated June 14, 1999 from this court and despite being personally informed by the court before oral arguments on November 29, 1999 of his obligations under Rule XXVIII. Respondent blamed his failure to file the Sentence Review Memorandum on his poor health, absences and incompetent staff. The Sentence Review Memorandum was finally filed in this court on January 18, 2000.
On February 11, 2000, this court issued an order holding respondent in contempt of court. State v. Casey, 99-0023 (La.2/11/00), 775 So.2d 1043. After reviewing the facts, we stated:
Based upon the foregoing, we hold that Whitley Graves willfully disobeyed a lawful order of this court by failing to file the required Sentence Review Memorandum in a timely manner and, thus, hold him in contempt. Accordingly, we fine him $250.00 and a copy of this opinion will be forwarded to the Office of Disciplinary Counsel.
| .DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Pursuant to our order, the ODC instituted an investigation into the matter. Prior to the institution of formal charges, respondent and the ODC entered into a petition for consent discipline. The parties stipulated to the facts, as set forth in this court’s opinion in the contempt matter. Respondent acknowledged his conduct was in violation of Rules 1.3 (neglect) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. As mitigating factors, the parties noted respondent’s absence of a prior disciplinary record, full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings, character and reputation, imposition of other penalties or sanctions, and remorse. Considering these factors, the parties proposed respondent be suspended for a period of less than one year, fully deferred, subject to a two-year period of supervised probation.

Disciplinary Board Recommendation

The disciplinary board found respondent knowingly caused injury to the integrity of the legal system because his actions resulted in a nine-month delay in the resolution of the Casey matter and evidenced a lack of respect for the court’s orders and instructions. The board further recognized respondent misled this court by representing that he had a copy of the memorandum with him and would file it after oral argument.
In determining an appropriate sanction, the board agreed that there were numer *532 ous mitigating factors in this case which justified a downward deviation from the baseline sanction of a suspension. Accordingly, the board recommended adoption |4of the proposed discipline of a nine-month suspension, totally deferred, subject to a two-year period of supervised probation. One board member dissented, concluding a two-month period of actual suspension was warranted under the facts.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The facts in this case are undisputed. Respondent failed to comply with the orders of this court in connection with the filing of the Sentence Review Memorandum. His conduct delayed resolution of the underlying criminal proceeding, causing injury to the integrity of the legal process. Respondent’s actions reveal a disturbing disregard for his professional obligations and a lack of respect for the authority of this court which is inappropriate for any member of the bar, especially an assistant district attorney. The baseline sanction for this misconduct is clearly a suspension. See Standard 5.22 of the American Bar Association’s Standards for Imposing Lawyer Sanctions (“[s]uspension is generally appropriate when a lawyer in an official or governmental position knowingly fails to follow proper procedures or | ¿rules, and causes injury or potential injury to a party or to the integrity of the legal process”).
Nonetheless, we recognize the existence of mitigating factors which justify a deviation from the baseline sanction. Respondent has no prior disciplinary record and has cooperated with disciplinary authorities, as evidenced by his petition for consent discipline. Respondent’s conduct has been the subject of other penalties, in the form of this court’s contempt judgment. Finally, respondent has expressed sincere remorse for his actions by sending letters of apology to a member of this court, as well as to the clerk of court.
These mitigating factors justify imposition of a fully deferred nine-month suspension, subject to a two-year period of probation. Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Whitley R. Graves be suspended from the practice of law in the State of Louisiana for nine months. This suspension shall be fully deferred, subject to a two-year period of supervised probation. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KIMBALL, JOHNSON, and VICTORY, JJ., would reject joint petition for consent discipline.

 Philip C. Ciaccio, Justice-Pro Tempore, sitting in place of Associate Justice Harry T. Lem-mon.