ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) *281 against respondent, Durinda L. Robinson, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
In 1995, respondent sought medical treatment with Dr. Paul J. Walters, D.D.S., a maxillofacial surgeon. Over the following two to three years, respondent saw Dr. Walters on approximately seven occasions concerning pain in her jaw. During this time, there was no indication that the relationship between respondent and Dr. Walters was anything other than a professional relationship between a health care provider and a patient. Nonetheless, respondent began sending Dr. Walters unsolicited and inappropriate communications in the form of notes, letters and faxes.[1] Further, respondent frequently appeared at Dr. Walters’ office unannounced and without an appointment. On several occasions, she would refuse to leave, requiring his office staff to call for security.
| .After Dr. Walters’ treatment of respondent ended, he made formal requests to respondent to refrain from sending him unsolicited personal communications. When respondent refused to do so, Dr. Walters filed a petition for a temporary restraining order in the district court, seeking to prevent respondent from having any contact with him. In his petition, Dr. Walters alleged the “obsessive nature” of respondent’s communications caused some members of his staff to fear for their personal safety. Dr. Walters’ petition also raised concerns about the “mental health” of the defendant. The district court granted a temporary restraining order against respondent.
The following month, respondent consented to issuance of a preliminary injunction barring her from having any contact with Dr. Walters. However, respondent violated the preliminary injunction by faxing correspondence to Dr. Walters on two occasions. Dr. Walters filed a rule for contempt. Respondent admitted to the allegations of misconduct. As a result, the district court found respondent in contempt of court.
The matter then proceeded to a hearing on the permanent injunction. Dr. Walters moved for summary judgment, which the district court granted. Respondent applied for supervisory review from this ruling, which was denied by the court of appeal and by this court. Walters v. Robinson, 99-0592 (La.4/23/99), 742 So.2d 885.
Approximately three weeks after the judgment granting the permanent injunction became final, respondent violated the permanent injunction when she forwarded to Dr. Walters a personal invitation to brunch. Shortly thereafter, she called Dr. Walters’ office to discuss the invitation. In response, Dr. Walters filed another rule for contempt against respondent. The district court found respondent in contempt of court, and sentenced her to three months in Orleans Parish Prison. The sentence was suspended, subject to the provision that respondent immediately enter ^treatment with a qualified mental health professional or mental health facility for her continued pursuit of Dr. Wal *282 ters. Respondent was further ordered to show compliance with the order in two weeks.
Pursuant to the court’s order, respondent sought treatment on two occasions with a psychotherapist, Marion Wikholm, MSW, BCSW. Respondent received no further treatment. Although she was apparently never formally discharged by Ms. Wikholm, respondent advised the district court that she was in compliance with the court’s order.[2]
DISCIPLINARY PROCEEDINGS

Formal Charges

After learning of the contempt proceedings, the ODC conducted an investigation into the matter. As a result of the investigation, the ODC filed one count of formal charges against respondent. The formal charges alleged violations of the following provisions of the Rules of Professional Conduct: Rules 3.4(c) (failure to comply with tribunal orders), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent filed an answer, requesting that the charges be dismissed. The matter was then set for a formal hearing.

\ ¿Hearing Committee Recommendation

Following a formal hearing, the hearing committee concluded the ODC failed to prove by clear and convincing evidence a violation of Rule 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer). However, the committee determined there was clear and convincing evidence that respondent violated Rule 3.4(c) on at least two separate occasions when she knowingly disobeyed orders of a tribunal enjoining her from contacting Dr. Walters. Having found a violation of Rule 3.4(c), the committee also concluded there was sufficient evidence of violations of Rules 8.4(a) (violating the Rules of Professional Conduct) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Relying on Standard 6.22 of the ABA’s Standards for Imposing Lawyer Sanctions, [3] the committee determined the baseline sanction for respondent’s misconduct is suspension, because respondent knowingly violated the district court’s orders. The committee also found respondent’s “bizarre behavior” resulted in significant financial and emotional harm to Dr. Walters.
As aggravating factors, the committee recognized the pattern of misconduct extending over a period of several years, multiple offenses and respondent’s refusal to acknowledge the wrongful nature of her conduct. The committee identified no mitigating factors.
Based on these findings, the committee recommended respondent be suspended from the practice of law for a period of one year and one day. It further recommended that her reinstatement be conditioned on restitution of Dr. Walters’ legal *283 expenses, as |swell as submission of a report on respondent’s mental health prepared by a qualified, independent mental health professional that is acceptable to the disciplinary board.

Disciplinary Board Recommendation

The disciplinary board adopted the findings of the hearing committee in all respects.[4] In addressing the issue of sanctions, the board noted respondent’s actions were knowing and resulted in actual injury to Dr. Walters, who suffered significant financial and emotional harm because of respondent’s misconduct. Further, it concluded respondent breached duties owed to the legal system and the profession, impairing the integrity of the legal system and furthering the negative image of the legal profession in the minds of the public.
Like the committee, the disciplinary board agreed the baseline sanction for respondent’s misconduct was a suspension.[5] The board adopted the aggravating factors cited by the committee, and found no mitigating factors.
Nonetheless, the disciplinary board deviated downward from the committee’s recommended sanction. Although the board proposed respondent be suspended from the practice of law, it recommended that all but three months of the suspension be deferred. It further suggested that, during the three month period of active suspension, respondent resume or continue her treatment with a qualified mental health professional. The board further recommended as conditions to reinstatement that | ^respondent pay restitution and submit a report concerning her mental health. One board member dissented in part.
The ODC filed an objection to the board’s recommendation. Accordingly, the matter was docketed for briefing and argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record reveals respondent violated the district court’s orders on several occasions by contacting or attempting to contact Dr. Walters. As a result of respondent’s actions, Dr. Walters was required to expend time and money to file rules for contempt against respondent in order to enforce the court’s orders. During the hearing on the rules for contempt, respon *284 dent admitted that she knowingly violated the court’s injunction. Therefore, we find the ODC proved by clear and convincing evidence that respondent knowingly disobeyed the orders of tribunal in violation of Rule 3.4(c) and engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(d).
|7Turning to the appropriate sanction for respondent’s misconduct, we are mindful that the purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152. The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
A review of our jurisprudence of this court indicates we have considered an attorney’s knowing failure to comply with the orders of a tribunal to be a serious professional violation. In In re: White, 97-1152 (La.9/19/97), 699 So.2d 375, we addressed a case involving an attorney who knowingly failed to file a timely brief in a criminal matter in federal court, failed to respond to orders of the federal court requiring him to show cause why he should not be suspended from practice before that court and failed to cooperate with the ODC’s investigation of a disciplinary matter. We concluded that the attorney’s repeated disregard for the orders of the tribunals, combined with his prior disciplinary record, warranted a one year suspension from the practice of law. A recent case, In re: Graves, 2001-0922 (La.5/11/01), 802 So.2d 530, involved disciplinary proceedings against an assistant district attorney held in contempt by this court for knowingly failing to file a timely sentence review memorandum in a criminal matter. We determined the attorney’s actions revealed a “disturbing disregard” for his professional obligations and a lack of respect for the authority of the court and held the baseline sanction for such misconduct was a suspension. However, we recognized the existence of numerous mitigating factors [¿justified a deviation from the baseline sanction and, therefore, imposed a fully deferred nine-month suspension, subject to a two-year period of probation.
Applying this jurisprudence to the instant facts, we find the baseline sanction for respondent’s misconduct is a suspension, As in Graves, however, we recognize several mitigating factors which justify a downward departure in this baseline sanction. Respondent has no prior disciplinary record, has displayed a cooperative attitude during the disciplinary proceedings, and has been the subject of other penalties imposed by the district court. Unlike the conduct at issue in Graves and White, respondent’s actions did not occur in the context of the practice of law, and did not adversely affect clients. Further, it is significant that the district court ordered respondent to seek counseling, suggesting the court believed respondent’s actions may have stemmed from mental health problems.
Considering all these facts, we will suspend respondent from the practice of law for a period of one year, but we will defer eleven months of that sanction. Following completion of the active period of her suspension, respondent shall be placed on pro *285 bation for a one year period with the following conditions:
(1) Within thirty days of the finality of this judgment, respondent shall submit to an examination by a licensed mental health care professional and comply with any plan of treatment prescribed by that professional.
(2) Respondent shall further advise the ODC of the results of the examination as well as the recommended treatment, if treatment is ordered by the mental health care professional, and shall provide her medical records to the ODC upon its request.
(3) If treatment is ordered, the ODC shall appoint a probation monitor to ensure that respondent complies with treatment.
(4) In the event respondent fails to comply with these conditions or engages in any misconduct during the period of probation, the deferred period of the suspension shall become executo-ry upon motion to this court by the ODC.
| flDECREE
For the reasons assigned, it is ordered that Durinda L. Robinson be suspended from the practice of law for a period of one year. It is further ordered that eleven months of the suspension be deferred. Following the completion of the active portion of her suspension, respondent shall be placed on probation subject to the conditions set forth in this opinion. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of.this court’s judgment until paid.

. Specifically, the record indicates that respondent sent Dr. Walters in excess of sixty-five different letters, faxes, newspaper clippings, cards and gifts in 1995, with an additional twenty-two such items in 1996 and thirty-three in 1997. The letters contained, among other things, offers of marriage and requests that he financially support respondent and her daughter. She also sent him newspaper clippings and copies of her itineraries, including the names and addresses of various hotels/motels where she would be staying. Respondent had Dr. Walters’ name included on group mailings associated with several projects she was working on, for her employer.

. According to respondent, she believed she had been subsequently discharged from Ms. Wikholm's care because Ms. Wikholm advised her to seek additional treatment if respondent continued to contact Dr. Walters. Since respondent had not contacted Dr. Walters after the contempt order was issued, she did not seek subsequent mental health treatment.

. Standard 6.22 provides "[s]uspension is generally appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.”

. Specifically, the disciplinary board concurred in the hearing committee’s finding that there was insufficient evidence of a violation of Rule 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer) as the record indicated the underlying proceedings were civil, and not criminal, in nature.

. In addition to ABA Standard 6.22, which was cited by the committee, the board also cited Standard 7.2, which provides "Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system.”