982 So.2d 765 (2008)
In re John Francis MARTIN.
No. 2007-B-2059.
Supreme Court of Louisiana.
May 16, 2008.

*766 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, John F. Martin, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS
In 2001, respondent represented Jason Bennett in a criminal case pending in the United States District Court for the Middle District of Louisiana. This was respondent's first occasion to handle a criminal case in federal court. On January 14, 2002, respondent appeared on behalf of Mr. Bennett when he pled guilty to the criminal charges. Mr. Bennett's case was set for sentencing on April 19, 2002. A pre-sentence report, prepared by the probation office, was required to assess the proper sentencing range under the federal sentencing guidelines. A statement of admission by Mr. Bennett, and possibly other information, could, and should, have been provided by respondent to the probation office for inclusion in the pre-sentence report. Respondent did not provide such information to the probation office prior to *767 the completion of the report on March 7, 2002.
The following day, the probation office notified respondent that the pre-sentence report would be available on the afternoon of March 14, 2002, and that objections to the report should be communicated to the probation officer no later than March 28, 2002. Furthermore, the probation officer and the assistant United States Attorney notified respondent that he had not provided a statement of admission by Mr. Bennett, and that such a statement could reduce the sentencing guidelines range for Mr. Bennett from 70-87 months imprisonment down to 51-63 months.
On April 16, 2002, Chief Judge Frank Polozola issued a rule directing respondent to show cause on April 19, 2002 why he should not be held in contempt of court for failing to retrieve or review the pre-sentence report. The order also required respondent to show cause why he should not be stricken as counsel of record for Mr. Bennett and be required to refund any legal fees he was paid in the matter.
Respondent ultimately did not pick up his copy of the pre-sentence report until April 17, 2002. He did not file any objections to the pre-sentence report. Respondent also did not provide Mr. Bennett's statement of admission to the probation officer until April 17, 2002.
On April 19, 2002, Judge Polozola continued Mr. Bennett's sentencing and conducted a show cause hearing pursuant to his April 16th order. At the conclusion of the hearing, Judge Polozola held respondent in contempt of court. He deferred a decision on removing respondent as counsel of record for Mr. Bennett, but ordered respondent to deposit into the registry of the court all fees he received in connection with his representation of Mr. Bennett.[1] Judge Polozola also ordered respondent to pay for a copy of the transcript of the April 19th hearing and to submit same to the ODC.
Judge Polozola conducted a second hearing on May 29, 2002, following which he ordered respondent to deposit an additional sum of money into the registry of the court. Judge Polozola also ordered respondent to pay for and provide the ODC with a copy of the transcript of the second hearing. Respondent provided the transcripts to the ODC on June 24, 2002.[2]

DISCIPLINARY PROCEEDINGS
Following its investigation, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent answered the formal charges and admitted his misconduct. Thereafter, respondent and the ODC entered into a joint stipulation of facts and rule violations. In this document, respondent stipulated to the facts as alleged by the ODC and admitted that he violated Rules 1.1(a), 1.3, 1.4, and 8.4(d) of the Rules of Professional Conduct. The hearing committee subsequently conducted a hearing which was limited to the issue of mitigation.

*768 Hearing Committee Report

The hearing committee accepted the stipulated facts and found that the rule violations alleged in the formal charges were proven by clear and convincing evidence. The committee found that respondent violated a duty owed to his client and to the profession. He acted knowingly and caused potential harm to his client, who faced a substantially longer prison term than he would have otherwise faced. The committee determined that the baseline sanction for respondent's misconduct is a suspension from the practice of law.
In mitigation, the committee recognized respondent's inexperience in the practice of law at the time of the misconduct (admitted 1999), absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse. The committee found that the following aggravating factors are present: prior disciplinary offenses (a complaint referred to diversion in 2005) and vulnerability of the victim.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to a two-year period of probation.[3]
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing the record of this matter, the disciplinary board found that the joint stipulation of facts is supported by the documentary evidence and adopted same. The board determined that respondent violated the Rules of Professional Conduct as charged in the formal charges. The baseline sanction for this misconduct is suspension.
The board found that respondent negligently and/or knowingly violated duties owed to his client. Respondent failed to obtain a statement of admission from his client which could potentially have reduced his sentence. Respondent failed to timely obtain the pre-sentence report and failed to timely object to the report. The federal judge was alerted to the deficiency and took steps to protect respondent's client; however, respondent's actions caused the proceeding to be delayed and could have caused his client to spend more time in prison.
The board determined that the record supports the aggravating factors of prior disciplinary offenses and vulnerability of the victim. The record supports the following mitigating factors: absence of a dishonest or selfish motive, timely good faith effort to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, inexperience in the practice of law, and remorse. The board further noted that respondent was ordered to deposit all fees he received in the case into the registry of the federal court and that the money was returned to the client; as a result, respondent received no compensation for his work in the matter.
The board then turned to an analysis of the prior jurisprudence of this court involving misconduct similar to respondent's. The board observed that the baseline sanction for a single instance of neglect and failure to communicate is generally a one year and one day suspension from the practice of law. However, in this case, *769 respondent self-reported and cooperated fully with the ODC. He returned all client funds. In the end, respondent's client received the benefit of a lesser sentence. Finally, respondent had only been practicing for 1½ years at the time he accepted his first federal case.
In In re: Graves, 01-0922 (La.5/11/01), 802 So.2d 530, an assistant district attorney was held in contempt of court for knowingly failing to timely file a sentence review memorandum in a criminal matter. The baseline sanction was a suspension. The court recognized the mitigating factors of no prior disciplinary record, cooperation with the ODC, and remorse and deviated downward to a fully deferred nine-month suspension, subject to two years of probation.
Considering Graves in light of the facts of this matter, the board recommended that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to a two-year period of supervised probation upon his return to Louisiana. The board also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The factual findings of the hearing committee and disciplinary board are supported by the record. Respondent violated the Rules of Professional Conduct by failing to provide competent representation to his criminal defense client and by failing to communicate with his client. Respondent failed to provide information necessary to complete his client's pre-sentence report, which could have resulted in the client's receiving a significantly longer prison sentence than he would have otherwise been exposed to under the federal sentencing guidelines. As a result of his misconduct in this case, respondent was held in contempt of court by the federal judge and was ordered to refund the attorney's fees which he had received to represent the client. This conduct clearly falls below the standards expected of a lawyer licensed to practice law in this state.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The aggravating factors present are a prior disciplinary offense and vulnerability *770 of the victim. In mitigation, we note that respondent was inexperienced in the practice of law at the time of his misconduct and has expressed remorse. Furthermore, respondent did not act in bad faith and cooperated fully with the ODC.
As noted by the disciplinary board, in prior cases involving misconduct similar to respondent's, we have imposed suspensions in the range of one year and one day, with all or part of the suspension deferred. The recommendation here, a fully deferred one year and one day suspension, falls squarely within this range. Furthermore, we note that respondent has not objected to the recommendation. Accordingly, we will adopt the disciplinary board's recommendation and suspend respondent from the practice of law for one year and one day. The suspension shall be fully deferred, subject to respondent's successful completion of a two-year period of supervised probation upon his return to Louisiana.[4]

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that John Francis Martin, Louisiana Bar Roll number 26402, be and he hereby is suspended from the practice of law for a period of one year and one day. This suspension shall be fully deferred, subject to respondent's successful completion of a two-year period of supervised probation governed by the conditions set forth in this opinion. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] These fees amounted to approximately $2,500.
[2] Respondent subsequently withdrew as counsel of record for Mr. Bennett and a federal public defender was appointed to represent him.
[3] As respondent currently resides in Georgia, the committee specified that the period of probation would "be inactive for as long as Respondent continues to reside outside of the State of Louisiana, but to become active if and when he returns to Louisiana."
[4] Respondent is responsible for notifying the ODC when he returns to Louisiana. His period of probation shall commence from the date he, the ODC, and the probation monitor execute a formal probation plan.