*53
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Sri K. Katner, an attorney licensed to practice law in Louisiana but currently inactive.
 

 UNDERLYING FACTS
 

 Counts I and II
 

 In 2001, respondent was charged in the 24th Judicial District Court with violating La. R.S. 14:285 based on her repeated telephone calls to Maggie Pernia between September 29, 2001 and November 5, 2001 with the intent to annoy, abuse, harass, embarrass, or offend her; and violating La. R.S. 14:40.2 based on her repeatedly following or harassing Maggie Pernia between September 29, 2001 and November 5, 2001 with the intent to place her in fear of death or bodily injury.
 

 On March 25, 2002, respondent entered a “best interest” plea under
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to making threatening phone calls and stalking, both misdemeanors. Pursuant to the provisions of La. Code Grim. P. art. 894, the trial court sentenced respondent to serve eleven months at hard labor, with credit for time served, and placed her on active probation for two years with special conditions that included seeking substance abuse 12rehabilitation if deemed necessary by the probation department and the requirement that she have no contact with the victim or the victim’s family.
 

 On August 15, 2002, the Jefferson Parish District Attorney’s Office filed a motion to revoke respondent’s probation for the following reasons: (1) she did not report to the probation program as directed, (2) she did not pay $231 in court costs and/or fines, (3) she did not pay the $100 commissioner’s fee, (4) she did not pay the $100 probation administration fee, and (5) she did not pay the $160 probation supervision fee. Respondent failed to appear at the hearing on the motion to revoke her probation on October 25, 2002. Consequently, the trial court ordered that an attachment be issued for respondent to be held without bond. However, the attachment was recalled on February 19, 2003.
 

 On June 3, 2003, the Jefferson Parish District Attorney’s Office filed a second motion to revoke respondent’s probation for the following reasons: (1) she allegedly called her ex-husband, David Katner, repeatedly at both his place of employment and at his residence, threatening harm to him and his new wife, (2) she did not report to the probation program as directed, (3) she did not pay $231 in court costs and/or fines, and (4) she did not pay the $570 probation supervision fee. On July 29, 2003, respondent’s probation was revoked, and the ¿rial court sentenced her to imprisonment in the parish prison for a term of eleven months with credit for time served.
 

 Count III
 

 On May 16, 2004, respondent was arrested in New Orleans and charged with DWI and careless operation of a motor vehicle. Her blood alcohol level was
 
 *54
 
 .173%. On April 20, 2005, in proceedings in Traffic Court of the City of New Orleans, ^respondent pleaded guilty to DWI, a misdemeanor violation of La. R.S. 14:98. The court deferred sentencing on June 27, 2005, and respondent’s case was later put on hold due to the disruption of court operations in the aftermath of Hurricane Katrina.
 

 DISCIPLINARY PROCEEDINGS:
 

 In March 2006, the ODC filed three counts of formal charges against respondent, alleging that her conduct as set forth above violated Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
 

 Respondent answered the formal charges, admitting the underlying misconduct but denying that her misconduct was intentional. She also requested to be heai’d in mitigation.
 

 Hearing Committee Report
 

 After considering the testimony and evidence presented at the hearing in mitigation, the hearing committee found that none of the underlying facts are in dispute. Respondent has stipulated that her acts as set forth in Counts I, II, and III did occur and that she violated the Rules of Professional Conduct as alleged in the formal charges. The committee also found that respondent is “contrite and repentant about those acts.”
 

 Under all the circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day.
 

 |4Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous. Furthermore, respondent has admitted to the rule violations as alleged by the ODC in the formal charges.
 

 The board determined that respondent violated duties owed to the public, the legal system, and the legal profession. Her conduct was both knowing and intentional. The victims of respondent’s harassing and stalking behavior suffered potential psychological and physical harm. Citing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that suspension is the applicable baseline sanction. Respondent has engaged in criminal conduct that seriously adversely reflects on her fitness to practice law. She knowingly violated her probation order, which interfered with the completion of her sentence following her conviction of stalking and making threatening phone calls. Her criminal conduct and DWI also caused injury to the reputation of the legal profession.
 

 In aggravation, the board found a pattern of misconduct, multiple offenses, substantial experience in the practice of law (admitted 1989), and illegal conduct. In mitigation, the board found the following factors: absence of a prior disciplinary record, personal or emotional problems,
 
 [1]
 
 
 *55
 
 full and free disclosure to the disciplinary 1 sboard or cooperative attitude toward the proceedings, and imposition of other penalties or sanctions.
 

 Considering this court’s prior jurisprudence for similar misconduct,
 
 [2]
 
 the board recommended that respondent be suspended from the practice of law for one year and one day.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 The record in this matter reveals that respondent pled guilty to stalking and harassing an individual via telephone and that her probation was later revoked. The | ¿record also indicates that she pled guilty to DWI. As such, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each ease and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 We find respondent’s conduct was knowing, and that she violated duties owed to the public, the legal system, and the legal profession. The aggravating and mitigating factors found by the disciplinary board are supported by the record. We agree with the board and the hearing committee that the baseline sanction is a period of suspension.
 

 In addition to the cases cited by the board, we find
 
 In re: Alexander,
 
 08-0462 (La.6/27/08), 984 So.2d 702, is instructive.
 
 *56
 
 In
 
 Alexander,
 
 we suspended an attorney for one year and one day after he was convicted of DWI on three occasions and his probation was revoked for his failure to attend a court-ordered substance abuse program.
 

 Under these circumstances and in light of our ruling in
 
 Alexander,
 
 we will adopt the disciplinary board’s recommendation and suspend respondent for one year and one day. This will necessitate respondent’s formal application for reinstatement under Supreme Court Rule XIX, § 24.
 

 | .DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Sri K. Katner, Louisiana Bar Roll number 19374, be and she hereby is suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Guidry, J., recused.
 

 [1]
 

 . The board noted that respondent has a history of alcoholism beginning as early as 1999; however, she claims to have been sober since 2004. She has also suffered from cirrhosis of the liver since the late 1990's. She also claims to have attempted suicide twice. She underwent a shoulder replacement in 2006, due to osteonecrosis (loss of blood supply to
 
 *55
 
 bones, causing them to collapse). Furthermore, she entered into a LAP contract in April 2006; however, her physical problems and surgery prevented her from fully participating in LAP.
 

 [2]
 

 . See
 
 In re: Robinson,
 
 01-2772 (La.5/14/02), 819 So.2d 280 (one-year suspension, with eleven months deferred, followed by one year of probation with conditions, imposed upon an attorney who violated court orders prohibiting her from contacting her former dentist),
 
 In re: Deshotels,
 
 98-1349 (La.10/9/98), 719 So.2d 402 (six-month suspension, with all but sixty days deferred, followed by two years of probation with conditions, imposed upon an attorney who failed to properly terminate a representation and had two DWI convictions and one disturbing the peace conviction), and
 
 In re: Lafont,
 
 04-2064 (La.4/1/05), 898 So.2d 339 (ninety-day suspension imposed upon an attorney who failed to properly communicate with a client and was convicted of DWI).