ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM. *
This matter arises from one count of . formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respon *156 dent, James A. McCann, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Gigi Scallan retained respondent to handle a personal injury matter. In September 1990, respondent settled Ms. Scallan’s claim for $8,500, of which he retained $5,000 to pay medical expenses incurred by Ms. Scallan. According to respondent, he placed the money in his client trust account, but before he could disburse the funds, the Internal Revenue Service seized his client trust account, along with all of his other accounts. As a result, respondent failed to pay Ms. Scallan’s medical providers, and additionally, he failed to respond to Ms. Scallan’s requests to return the funds so that she could pay the medical providers. The failure to pay the medical providers damaged Ms. Scallan’s credit rating, causing her emotional and financial harm. Ms. Scallan subsequently retained new counsel and filed suit against respondent. In May 1992, she obtained a $25,000 default judgment against respondent. Respondent failed to pay the judgment. As of the date of the filing of |?the formal charges, respondent had made no effort to reimburse or repay the amounts his client has lost.
The ODC alleges that respondent’s conduct violates Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15(b) (failure to account for and promptly deliver funds of a client or third person), 1.16(d) (termination of the representation), and 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
After the ODC instituted formal charges, respondent filed an answer generally admitting the factual allegations of the formal charges but denying any attempt to “abscond with settlement funds.” Accordingly, the matter was presented for formal hearing before a hearing committee. Hearing Committee Recommendation
After evaluating the credibility of the witnesses and considering the evidence submitted at the hearing, the committee concluded that respondent violated the professional rules as charged. The committee found, based on respondent’s own accounting of the events, that he knew that any money deposited into any of his bank accounts after 1990 would be subject to seizure by the IRS. The committee also found that respondent’s testimony was less than credible, since he neglected to tell Ms. Scallan and her lawyer of the IRS seizures when he appeared for a judgment debtor examination in March 1993. Finally, the committee noted that it did not believe that respondent has been unable to repay Ms. Scallan any money for the last hnine years. Based on this reasoning, the committee concluded respondent’s actions were intentional and that he acted with a total disregard for the welfare of his client.
With respect to the imposition of discipline for respondent’s misconduct, the committee found the baseline sanction is disbarment. The committee found two mitigating factors, namely the delay in the disciplinary proceedings and personal or emotional problems, and six aggravating factors, including prior disciplinary offenses,[1] refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law (admitted 1978), indiffer *157 ence to making restitution, and lack of genuine remorse.
Accordingly, given respondent’s serious and intentional misconduct, the aggravating factors, and the absence of sufficient mitigating factors to warrant a downward deviation from the baseline sanction, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC objected to the committee’s recommendation. Disciplinary Board Recommendation
The board agreed with the hearing committee that respondent is guilty of the misconduct set forth in the formal charges, and that the charges were proven by clear and convincing evidence. The board found respondent has violated duties owed to his client, the profession, and the public, and has engaged in knowing and intentional misconduct. The board also concurred in the aggravating and mitigating factors |4noted by the committee. Citing In re: Lewis, 98-2825 (La.1/29/99), 728 So.2d 846, In re: White, 97-2731 (La.2/6/98), 706 So.2d 964, and Standards 4.11 and 4.41 of the ABA’s Standards for Imposing Lawyer Discipline,[2] the board recommended that respondent be disbarred from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
This case differs somewhat from the ordinary conversion case, in that respondent did not directly convert third-party funds to his own use. Rather, at least according to respondent’s testimony, he placed the funds in his trust account with the intent to disburse them, but was unable to do so because the IRS seized his trust account.
Nonetheless, it is significant that once the funds were seized, respondent made no efforts to have the funds released from the seizure.[3] Therefore, the funds were effectively converted to respondent’s own use, because they were applied to reduce his personal tax liability. Additionally, respondent made no efforts at restitution for over nine years after the funds were seized. The evidence clearly establishes that respondent’s conduct caused actual harm to his client, both financially and | .^emotionally. Considering the guidelines set forth in Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), and the numerous aggravating factors in this ease, we agree that disbarment is an appropriate sanction.
Accordingly, we will accept the disciplinary board’s recommendation and disbar respondent from the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of James A. McCann be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make full restitution. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the *158 date of finality of this court’s judgment until paid.

 Traylor, J., not on panel. Rule IV, Part II, § 3.

. Respondent has been the subject of numerous prior disciplinary proceedings: 90-ADB-509 (failure to cooperate with the ODC in its investigation), 90-ADB-510 (same), 90-ADB-542 (same), 90-DB-572 (same), 90-ADB-592 (same), 93-ADB-105 (same), and 96-ADB-054 (failure to provide competent representation to a client, failure to act with diligence and promptness in representing a client, failure to communicate with a client, termination of the representation, violation of the Rules of Professional Conduct, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

. Standard 4.11 provides for disbarment when a lawyer knowingly converts client property and causes injury or potential injury to a client. Standard 4.41 provides for disbarment when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client.

. Respondent indicated that he consulted an attorney, who advised him the legal fees that would be required to have the funds released would be greater than the $5,000 in the trust account. However, respondent produced no testimony or evidence supporting this assertion.