ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Vincent J, Glorioso, Jr., an attorney licensed to practice law in the State of Louisiana *321 but currently on interim suspension.[1] For his misconduct, respondent proposed a three-year suspension from the practice of law. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS

The Henderson Matter

In 1994, respondent was retained to represent Yolanda Henderson in a personal injury matter. Shortly thereafter, respondent negotiated a partial settlement of Ms. Henderson’s claims. In June 1994, respondent withheld the sum of $4,719 from Ms. Henderson’s settlement to pay medical expenses owed to Charity Hospital. In April 1997, the balance of respondent’s trust account fell to $8,600, below the amount necessary to satisfy Ms. Henderson’s medical lien, resulting in a conversion of third-party funds. Respondent did not pay the sums owed to the medical provider until May 2001.

19The Lawrence Matter

1. The Client Loan

In 1994, respondent was associated by counsel for Neysa Lawrence to assist in handling a case involving several tort and product liability claims against automobile dealers and manufacturers. The case involved four separate settlements in the course of the litigation, which was concluded in 1997.
In April 1996, Ms. Lawrence loaned respondent $52,000 from her settlement funds. Respondent failed to have Ms. Lawrence execute the written waiver of conflict required by the Rules of Professional Conduct. Respondent also failed to advise Ms. Lawrence that, prior to entering into the agreement, she was entitled to seek the advice of independent counsel in the transaction. Nevertheless, Ms. Lawrence did, in fact, consult with her original attorney before entering into the transaction.
As security for the $52,000 loan, respondent assigned to Ms. Lawrence his fee interest in three personal injury eases. The terms of the assignment called for the payment of the note in full upon settlement of the cases, or no later than eighteen months from the date of the original obligation. At the time of this assignment, however, respondent failed to disclose to Ms. Lawrence that he had previously assigned his fee interest in two of the three cases to another client, thereby diluting the value of the security interest.
In December 1997, respondent and Ms. Lawrence renewed the note and secured it with an assignment of respondent’s fee interest in three different personal injury cases. At the time of this assignment, respondent failed to disclose to Ms. Lawrence that he had previously assigned a 50% fee interest in the three cases to the Glorioso Law Firm, thereby diluting the value of the security interest.
Respondent made timely interest payments on the note during the first year. He also made approximately $20,000 in principal payments. However, respondent was |sunable to pay the note in full on demand in 1999. In 2000, Ms. Lawrence filed suit against respondent to collect the balance owed to her. In April 2001, respondent repaid the entire outstanding balance of $32,000.

2. The Third-Party Medical Provider

In July 1997, respondent withheld the sum of $7,800 from Ms. Lawrence’s settlement to pay a subrogation claim by Blue *322 Cross for medical expenses. In November 1997, the balance of respondent’s trust account fell to $830.64, below the amount necessary to satisfy the Blue Cross lien, resulting in a conversion of third-party funds. Respondent did not pay the sums owed to Blue Cross until October 1999.

The Robichaux Matter

In 1994, respondent was associated by counsel for Guidon Robichaux to assist in handling a personal injury matter. Shortly before the case settled in October 1995, Mr. Robichaux agreed to loan respondent $66,000 from his settlement funds. Respondent failed to have Mr. Robichaux execute the written waiver of conflict required by the Rules of Professional Conduct. Respondent also failed to advise Mr. Robichaux that, prior to entering into the agreement, he was entitled to seek the advice of independent counsel in the transaction. Nevertheless, Mr. Robi-chaux did, in fact, consult with his original attorney before entering into the transaction.
Respondent was subsequently unable to repay the note in accordance with its terms, and Mr. Robichaux filed suit against respondent to collect the balance owed to him. This suit was dismissed in June 2001, after respondent negotiated a repayment schedule with Mr. Robichaux.

_[Commingling of Funds

Between 1994 and 2000, respondent used his client trust account to insulate his personal funds from seizure to satisfy a substantial federal income tax lien. Respondent kept his attorney’s fees in his trust account for extended periods of time and paid personal obligations from the account, resulting in the commingling of client funds with his own and subjecting client funds to potential seizure by the IRS.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

The ODC conducted an investigation into the complaints filed against respondent. As a result of this investigation, the ODC and respondent filed a joint motion for interim suspension, which this court granted on August 1, 2001. In re: Glorioso, 01-2166 (La.8/1/01), 795 So.2d 287.
Prior to the institution of formal charges, respondent filed a petition for consent discipline. In that petition, respondent admitted his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.8 (conflict of interest/prohibited transactions between a client and a lawyer), 1.15 (safekeeping property of clients or third persons), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). For his misconduct, respondent proposed that he be suspended from the practice of law for three years. The ODC concurred in the petition.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent’s misconduct was knowing and violated duties owed to his clients. The board found there appeared to be no direct actual harm to respondent’s clients, but that his misconduct nonetheless | sexposed the clients to the possibility of serious injury. Respondent also placed the funds of his clients and third parties at substantial risk by commingling his personal funds in his trust account at a time when there was an outstanding tax lien against him. In addition to depriving the third-party medical providers of funds rightfully due them, respondent’s failure to timely pay the medical providers and his conversion of funds designated for that purpose subjected his clients to the danger of personal liability until the expenses were paid. Additionally, Ms. Lawrence *323 and Mr. Robichaux were forced to initiate legal proceedings to enforce the terms of their agreements with respondent. Finally, although an amicable agreement has been reached between respondent and Mr. Robichaux, respondent’s obligation to him has yet to be fully satisfied.
Based upon its review of the record, the board determined that the aggravating factors present include a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1966). In mitigation, the board found the absence of a prior disciplinary record, full disclosure to the disciplinary system, prior good character, and remorse.
After considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court dealing with misconduct similar to respondent’s, the board concluded that a lengthy suspension or disbarment is the appropriate sanction in this case. However, the board felt the seriousness of respondent’s misconduct can be offset to some degree by the mitigating factors, particularly respondent’s cooperation in this proceeding and his pri- or good character. After considering all of the circumstances, the board found the proposed consent discipline is appropriate and recommended respondent be suspended from the practice of law for three years.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
| «DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record reflects that respondent has put his clients’ funds at risk of being seized by the IRS to satisfy his tax liability, deprived medical providers of funds rightfully due them, and converted third-party funds to his own use. Respondent also borrowed money from his clients without complying with the safeguards afforded them by the Rules of Professional Conduct and deliberately misled one client as to the value of her security interest in the loan.
Respondent’s commingling of client funds (thus exposing them to seizure by the IRS) and his failure to pay third-party medical providers would alone justify disbarment. See In re: McCann, 99-2862 (La.2/11/00), 752 So.2d 155. Combining this misconduct with respondent’s other actions, we have no difficulty finding the baseline sanction under these facts is disbarment.
Nonetheless, we find significant mitigating factors are present in this case. Respondent has no prior disciplinary record. He has expressed remorse for his actions and has fully cooperated in the disciplinary proceedings. Additionally, respondent submitted evidence showing he has a good reputation in the legal community.
RBased on these factors, we find the proposed consent discipline is appropriate under the circumstances. Accordingly, we will accept the petition for consent discipline and suspend respondent from the practice of law for a period of three years.
*324 DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Vincent J. Glorioso, Jr. be suspended from the practice of law for three years, retroactive to his August 1, 2001 interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., dissents.

. In re: Glorioso, 01-2166 (La.8/1/01), 795 So.2d 287.