ON APPLICATION FOR REINSTATEMENT
LPER CURIAM.
This proceeding arises out of an application, for reinstatement filed by petitioner, Vincent J. Glorioso, Jr., an attorney who is currently suspended , from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Petitioner’s underlying misconduct is chronicled in In re: Glorioso, 02-1074 (La.6/7/02), 819 So.2d 320. As a result of this misconduct, this court suspended petitioner from the practice of law for a period of three years, retroactive to his August 1, 2001 interim suspension.
Petitioner subsequently filed an application for reinstatement to the practice of law, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position concerning petitioner’s reinstatement. Accordingly, pursuant to Supreme Court Rule XIX, § 24(F) and (G), the matter was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee recommended that petitioner be reinstated to the practice of law. Neither petitioner nor the ÓDC objected' to the hearing committee’s recommendation.
| ¡/The disciplinary board agreed that petitioner proved by clear and convincing *1094 evidence that he satisfies the criteria for reinstatement. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law. Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Petitioner has served the three-year suspension imposed by this court in 2002, and no objections were received to his application for reinstatement. Petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J). Accordingly, we will order that petitioner be conditionally reinstated, subject to a two-year period of supervised probation. During the period of probation, petitioner may only be a salaried employee of a law firm. Furthermore, petitioner shall have no access to client funds during the period of probation, nor shall he have signature authority on the financial accounts maintained by his employer, including any operating or client trust accounts. Should petitioner fail to comply with these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
| .¡DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Vincent J. Glorio-so, Jr., Louisiana Bar Roll number 6064, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of supervised probation governed by the terms and conditions set forth herein. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.
TRAYLOR, J., dissents.