ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
The Office of Disciplinary Counsel (“ODC”) commenced an investigation into allegations that respondent violated Rule 8.4(b) of the Rules of Professional Conduct based on his convictions for driving while intoxicated. Prior to the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Reginald J. Laurent, Louisiana Bar Roll number 17683, be suspended from the practice of law for six months. This suspension shall be deferred, subject to two years of probation. Upon the completion of the two-year period of probation, the parties may apply to this court in order to have the probationary period renewed for an additional two years pursuant to Supreme Court Rule XIX, § 10(A)(3).[1] It is further ordered that respondent enter into a five-year contract with the Lawyer’s Assistance Program.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., would reject consent discipline. A more severe discipline is warranted.
TRAYLOR, J., would reject consent discipline and impose more severe penalty.

. In their petition for consent discipline, the parties requested a five-year probationary period. However, Supreme Court Rule XIX, § 10(A)(3) limits probation to a period of two years, which may be renewed for an additional two years.