984 So.2d 702 (2008)
In re Aubrey M. ALEXANDER, III.
No. 2008-B-0462.
Supreme Court of Louisiana.
June 27, 2008.

*703 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Aubrey M. Alexander, III, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to our order in In re: Alexander, 05-2516 (La.1/5/06), 917 So.2d 1083.

UNDERLYING FACTS
On October 4, 1994 and May 19, 1995, respondent was arrested in Rapides Parish and charged with driving under the influence of alcohol. Respondent pled guilty to the criminal charges in separate proceedings on July 31, 1996.
On August 25, 2002, respondent was arrested again in Rapides Parish and charged with third-offense DWI. He pled guilty to the charge on May 12, 2003 and was sentenced to serve three years in the custody of the Department of Corrections, with all but thirty days suspended. He was also placed on supervised probation for three years with special conditions.
Following his 2003 conviction, respondent continued drinking, and he failed to attend a court-ordered substance abuse treatment program. In August 2005, respondent's probation was revoked for his failure to comply with the conditions of probation. He was ordered to report to jail on August 12, 2005 to serve the previously imposed three-year sentence. On November 30, 2005, while in the Rapides Parish work release program, respondent tested positive for alcohol use. He was subsequently released from jail on January 2, 2007.

DISCIPLINARY PROCEEDINGS
In March 2004, the ODC filed one count of formal charges against respondent, alleging that he violated Rules 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct.
*704 Respondent was served with the formal charges but initially failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). Pursuant to the deemed admitted order, the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. The ODC was prepared to file its submission on sanctions on June 14, 2004. However, it was unable to serve respondent with the deemed admitted order, as all mail to his primary registration address was returned, indicating he no longer lived at the address. The ODC's second attempt to have the factual allegations deemed admitted and proven by clear and convincing evidence was denied.[1]
Thereafter, the ODC located respondent and faxed him a copy of the formal charges.[2] Respondent confirmed receipt of the formal charges and indicated he would file a motion to recall the deemed admitted order and would file an answer to the formal charges. Respondent did neither. Accordingly, in May 2005 the factual allegations of the formal charges were again deemed admitted and proven by clear and convincing evidence.
After the ODC filed its deemed admitted submission on sanctions, respondent filed a motion to stay the disciplinary proceedings because he was incarcerated. The ODC opposed the stay. Respondent did not, however, file a motion to recall the deemed admitted order. During the hearing on respondent's motion to stay, respondent and the ODC agreed to file a joint petition for interim suspension, which this court granted on January 5, 2006. Thereafter, the ODC withdrew its opposition to the motion to stay, and the hearing committee chair granted the stay. Following respondent's release from jail on January 2, 2007, the stay was lifted and a hearing on sanctions was conducted by the hearing committee.

Hearing Committee Report
After considering the ODC's deemed admitted submission and the testimony and evidence presented at the hearing on sanctions, the hearing committee made the following factual findings:
1. On August 25, 2002, respondent was arrested and charged with third offense DWI. He pled guilty to the charge on May 12, 2003;
2. On two separate occasions, respondent violated the terms of his probation by consuming alcohol and was ordered to complete a substance abuse program;
3. In January 2005, respondent left the substance abuse program without permission. Thereafter, he consumed alcohol and failed to report to his probation officer;
4. On August 12, 2005, the judge determined that respondent violated his probation and ordered him to serve his original sentence. Respondent was released from jail on January 2, 2007;
5. Respondent failed to cooperate with the ODC during its investigation; and
6. Respondent has displayed difficulty abstaining from alcohol.
Based on these findings, the committee determined that respondent violated Rules *705 8.1(c) and 8.4(b) of the Rules of Professional Conduct.
The committee found that respondent knowingly engaged in criminal conduct, which caused harm to the legal profession. The committee determined that the baseline sanction for respondent's misconduct is suspension.
In aggravation, the committee found prior disciplinary offenses,[3] a pattern of misconduct, multiple offenses, and refusal to acknowledge the wrongful nature of the conduct. In mitigation, the committee found the absence of a dishonest or selfish motive, mental disability or chemical dependency, and imposition of other penalties or sanctions.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day, with six months deferred.[4] The committee also recommended that respondent be placed on supervised probation for two years, and that he be required to enroll in the Lawyers Assistance Program (LAP).
The ODC filed an objection to the hearing committee's recommendation, arguing that no portion of respondent's suspension should be deferred.

Disciplinary Board Recommendation
After reviewing this matter, the disciplinary board determined that the deemed admitted facts are not manifestly erroneous and adopted same. Based on these facts, the board found that respondent violated the Rules of Professional Conduct as alleged by the ODC in the formal charges.
The board determined that respondent knowingly and/or intentionally violated duties owed to the public. The board further determined that the baseline sanction is suspension.
As aggravating factors, the board found prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and illegal conduct. As mitigating factors, the board found the absence of a dishonest or selfish motive, mental disability or chemical dependency, and imposition of other penalties or sanctions.
Considering this court's prior jurisprudence regarding similar misconduct,[5] as well as the fact that respondent has been unable to maintain sobriety, the board recommended that respondent be suspended from the practice of law for one year and one day, to commence from the finality of judgment. The board also recommended that respondent be required to enter into a five-year LAP contract.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. *706 Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter indicate that respondent has been convicted of DWI on three occasions and failed to cooperate with the ODC during its investigation of the convictions. These facts support a finding that respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The record reveals that respondent is alcohol dependent and has not yet sought treatment for his alcohol problem. He has knowingly violated duties owed to the public and the legal profession, and his crimes had the potential to cause serious injury to himself and others. The baseline sanction for this type of misconduct is a period of suspension.
Aggravating factors include respondent's prior disciplinary offenses, a pattern of misconduct, multiple offenses, and refusal to acknowledge the wrongful nature of the conduct. In mitigation, we find that respondent's chemical dependency is the primary cause of his misconduct. He also lacked a dishonest or selfish motive and has suffered the imposition of other penalties or sanctions in connection with his DWI convictions.
Under the circumstances, we conclude a one year and one day suspension from the practice of law is the appropriate sanction in the instant case. This will necessitate respondent's formal application for reinstatement under Supreme Court Rule XIX, § 24, and thus permit this court to determine whether, among other factors, respondent has demonstrated that he has pursued appropriate rehabilitative treatment for his alcoholism and is likely to continue to abstain from the use of alcohol in the future. Respondent is further directed to execute a five-year recovery agreement with the Lawyers Assistance Program and to fully comply with the terms and conditions thereof.

DECREE
Upon review of the findings and recommendations of the hearing committee and *707 disciplinary board, and considering the record, it is ordered that Aubrey M. Alexander, III, Louisiana Bar Roll number 19875, be and he hereby is suspended from the practice of law for one year and one day, to commence from the finality of judgment. Respondent is further directed to execute a five-year recovery agreement with the Lawyers Assistance Program and to fully comply with the terms and conditions thereof. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
CALOGERO, C.J., concurs in part and dissents in part for reasons assigned by WEIMER, J.
WEIMER, J., concurs in part and dissents in part with reasons.
WEIMER, J., concurring in part and dissenting in part.
I concur in the decision to impose discipline. However, I would not mandate that the respondent be mandated to enroll in the Lawyers Assistance Program (LAP). Although the program has benefitted many with substance abuse problems, we should not mandate participation. Rather, a failure to properly address his substance abuse issues is a factor to consider if the respondent applies for readmission. Compelled participation in the program may waste LAP resources which would benefit those committed to recovery. While we can urge the respondent to enroll, we should not mandate enrollment.
NOTES
[1] The ODC filed a second motion to declare the factual allegations deemed admitted because the deadline to file written arguments and documentary evidence on the issue of sanctions had expired on June 14, 2004.
[2] The ODC also tried unsuccessfully to encourage respondent to seek a transfer to disability inactive status due to his diagnosis as alcohol dependent.
[3] In 1998, respondent was admonished by the disciplinary board for practicing law while he was ineligible to do so and for failing to cooperate with the ODC in its investigation.
[4] The committee recommended that the suspension not be made retroactive to the date of respondent's interim suspension.
[5] See In re: Laurent, 05-0645 (La.4/1/05), 898 So.2d 324 (lawyer who was convicted of DWI suspended by consent for six months, fully deferred subject to probation), and In re: Deshotels, 98-1349, 98-1350 (La.10/9/98), 719 So.2d 402 (lawyer who was twice convicted of DWI and who engaged in other professional misconduct suspended for six months, with all but sixty days deferred, followed by a period of probation with conditions).