ATTORNEY DISCIPLINARY PROCEEDINGS.
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Aubrey M. Alexander, III, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1990. In November 1998, he received an admonition for engaging in the unauthorized practice of law, failure to cooperate with the ODC in its investigation, and threatening to present criminal or disciplinary charges solely to obtain an advantage in a civil matter. In 2008, this court imposed a one year and one day suspension upon respondent based on his conviction for three DWI offenses and his failure to cooperate with the ODC in its investigation.
 
 In re: Alexander,
 
 08-0462 (La.6/27/08), 984 So.2d 702
 
 (“Alexander I
 
 ”). Respondent has not sought reinstatement from his suspension in
 
 Alexander I;
 
 accordingly, he remains suspended from the practice of law.
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 UNDERLYING FACTS
 

 On October 17, 2007, during the pen-dency of the disciplinary proceedings in
 
 *1000
 

 Alexander I,
 
 respondent sold twenty Xa-nax bars
 
 [1]
 
 to an undercover State Police narcotics officer in exchange for $100. At the time of the exchange, respondent also advised the officer he could secure more drugs. On December 19, 2007, an arrest warrant was issued for respondent for the sale and distribution of a Schedule IV controlled substance. On January 2, 2008, respondent was arrested and subsequently charged by the Rapides Parish District Attorney’s Office with that crime. On March 24, 2009, respondent pled guilty to distribution of a Schedule IV controlled dangerous substance and was sentenced to three years at hard labor with the Department of Corrections.
 

 DISCIPLINARY PROCEEDINGS
 

 In May 2009, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. Respondent answered the formal charges, arguing the criminal conviction does not reflect adversely on his fitness to practice law. Respondent’s answer also sought a stay of the disciplinary proceeding until he was released from jail. The board denied respondent’s request, and this matter then proceeded to a formal hearing.
 
 [2]
 

 During his testimony, respondent stated his criminal conviction was the result of entrapment and judicial misconduct. In explanation, respondent stated he was told, presumably by the judge, “you can come in on entrapment, but I’m going to find you guilty anyway.” Knowing he faced seven to ten years, respondent claimed he only pled guilty to “take a three-year deal.” Respondent’s testimony also focused on his perceptions of the unfairness of disciplinary proceedings taking place during his incarceration. Under the circumstances, respondent asked the committee for fairness and leniency in making a recommendation.
 

 Hearing Committee Report
 

 After reviewing the testimony and the evidence presented at the hearing, the hearing committee determined that the certificate of respondent’s conviction acts as conclusive evidence of his guilt. Finding respondent’s testimony was not relevant to these proceedings, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee found the crime for which respondent stands guilty is a serious felony crime, which reflects adversely upon respondent’s fitness as a lawyer. The committee determined respondent violated one of the most basic professional obligations to the public, the pledge to maintain personal honesty and integrity. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is disbarment.
 

 The committee found the following aggravating factors present: prior disciplinary offenses arising out of respondent’s criminal conviction in
 
 Alexander I,
 
 refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1990). Noting respondent’s testimony did not constitute
 
 *1001
 
 evidence of mitigating circumstances of his crime, the committee indicated no mitigating factors were present. Moreover, the committee found respondent expressed disdain for the proceedings and expressed no remorse for his criminal offense.
 

 Under these circumstances, the committee recommended respondent be disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 Concluding the certificate of conviction acts as conclusive evidence of respondent’s guilt, the disciplinary board adopted the hearing committee’s factual findings. Moreover, the board agreed -with the committee’s determination that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The board found respondent knowingly violated duties owed to the legal system and the legal profession. The board found the very nature of respondent’s .misconduct created a potential for substantial and serious injury to the public. Further, the board stated “[t]he reputation of the profession is likewise harmed when a lawyer commits a crime which is colloquially known as ‘drug dealing.’ ” The board determined the baseline sanction for respondent’s misconduct is disbarment based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions.
 

 The board agreed with the aggravating factors found by the committee. The board also determined the committee correctly found no mitigating factors present.
 

 In determining the appropriate sanction, the board cited the case of
 
 Louisiana State Bar Ass’n v. Shapiro,
 
 455 So.2d 1382 (La.1984), wherein an attorney was disbarred for his conviction of two counts of cocaine distribution. Accordingly, the board recommended respondent be disbarred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 In March 2009, respondent pled guilty to distribution of controlled dangerous substances, which is a felony. Accordingly, he has violated the Rules of Professional Conduct as alleged in the formal charges. This crime clearly warrants serious discipline. Therefore, the only issue to be resolved by this court is the appropriate sanction for respondent’s misconduct.
 

 Respondent knowingly violated duties owed to the public, the legal system, and the legal profession, causing actual harm to the legal system and the legal profession and potentially serious harm to the public. Standard 5.11(a) of the ABA’s
 
 Standards for Imposing Lawyer Sanctions
 
 applies in this matter and establishes disbarment as the baseline sanction. Standard 5.11(a) states in pertinent part that disbarment is appropriate when “a lawyer engages in serious criminal conduct a necessary element of which includes
 
 *1002
 
 ... the sale, distribution or importation of controlled substances ...” Respondent’s conduct fits squarely within this Standard and reflects poorly on his honesty, trustworthiness, and integrity. Among the aggravating factors present is respondent’s absolute refusal to acknowledge the wrongful nature of his conduct.
 

 Under these circumstances, and in light of the lack of mitigating factors present, we will adopt the board’s recommendation and disbar respondent.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that Aubrey M. Alexander, III, Louisiana Bar Roll number 19875, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . "Xanax bars” refers to pills containing Al-prazolam, a prescription drug for the treatment of anxiety.
 

 [2]
 

 . Because he was in the custody of the Department of Corrections, respondent was subpoenaed to facilitate his participation in the hearing, which was held at the Rapides Parish Courthouse.