ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Elizabeth Ashley Brunet-Robert, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Brunet-Robert, 09-2476 (La.11/18/09), 21 So.3d 933.
UNDERLYING FACTS
The underlying facts of this matter are not in dispute, having been stipulated to by the parties. The stipulations may be summarized as follows:
On January 31, 2006, respondent was arrested in St. Landry Parish and found to be in possession of methamphetamine. On September 1, 2009, respondent represented to the 27th Judicial District Court that she was entering into the district attorney’s diversionary program. The matter was then continued without date.
During the month of November 2008, respondent issued sixteen checks drawn on her brother’s checking account without his authorization or consent. These checks totaled approximately $2,000.
On December 17, 2008, respondent sold an oxycodone tablet to an undercover police officer in Evangeline Parish for $40 in *1020 cash. Respondent was arrested and charged with distribution of a Schedule II controlled dangerous [gsubstance. On October 21, 2009, respondent pleaded guilty to a reduced charge of possession of a Schedule II controlled dangerous substance. She was sentenced to serve four years at hard labor, with three and a half years suspended, and placed on four years active supervised probation.
On April 1, 2009, respondent was arrested in St. Landry Parish and charged with being a principal to monetary instrument abuse and a principal to theft in the amount of $700. This incident involved the cashing of four checks in the name of respondent’s father without his authorization or consent.
On January 5, 2009, February 25, 2009, and October 15, 2009, respondent was found in contempt for failing to appear in court in Evangeline Parish.
DISCIPLINARY PROCEEDINGS
In April 2011, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Respondent and the ODC subsequently entered into a joint stipulation of facts, in which respondent stipulated to the facts as alleged by the ODC and admitted that she violated the Rules of Professional Conduct as charged. This matter then proceeded to a hearing in mitigation.

Hearing Committee Report

After considering the evidence and testimony presented at the hearing, the hearing committee accepted the joint stipulation of facts and rule violations filed by the parties. The committee determined that respondent acted intentionally with | ^respect to the stipulated violations of Rules 8.4(b), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.
In aggravation, the committee found multiple offenses and illegal conduct, including that involving the use of controlled substances. Although respondent claims that she no longer uses any type of illegal or illicit drugs and has been sober since 2009, she does not participate in the Lawyers Assistance Program (“LAP”) because she continues to use prescribed controlled substances (including hydrocodone and Xanax) to treat Crohn’s disease, an autoimmune-related inflammatory disease from which she suffers. As such, there is no monitoring verification of her claim of sobriety. Furthermore, controlled prescription medications have significant side effects, including sedation and impaired cognitive and executive function, all of which are incompatible with an attorney’s fiduciary responsibilities. Although she has been in three different treatment centers, witnesses offered conflicting evidence as to her successful completion of a drug rehabilitation program. Respondent does not attend AA or NA at this time. All but one witness agreed that she needed a more complete rehabilitation before resuming the practice of law.
In mitigation, the committee found the absence of a prior disciplinary record. The committee also pointed out that respondent’s violations did not arise out of an attorney-client relationship and that she has not engaged in the active practice of law. She has made full restitution of all checks written on her brother’s bank account and has attempted substance abuse rehabilitation. She has fully cooperated with the disciplinary board and has demonstrated severe remorse for her misconduct.
*1021 14After reviewing the jurisprudence,[1] the aggravating and mitigating factors, the case law, and in particular, respondent’s demeanor at the hearing, the committee recommended respondent be suspended from the practice of law for three years, retroactive to the date of her interim suspension, followed by probation. The committee also recommended she be assessed with the costs and expenses of this matter.
The ODC filed an objection to the leniency of the sanction recommended by the hearing committee.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s findings of fact do not appear to be manifestly erroneous, as they are supported by the joint stipulation of the parties. The board likewise determined that the committee correctly applied the Rules of Professional Conduct.
The board determined respondent knowingly violated duties owed to the public, the legal system, and the legal profession by engaging in criminal activity and by failing to appear in court on several occasions, which resulted in her being held in contempt. She acted knowingly, if not intentionally, and caused actual injury by her misconduct. Although her misconduct occurred outside the practice of law and did not involve any clients, she engaged in serious criminal misconduct. Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction in this matter is disbarment.
|sIn aggravation, the board found the following factors: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and illegal conduct, including that involving the use of controlled substances. In mitigation, the board found the following factors: absence of a prior disciplinary record, personal or emotional problems, timely good faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, imposition of other penalties or sanctions, and remorse.[2]
Turning to the issue of an appropriate sanction, the board determined respondent’s actions can be attributed to her severe depression combined with the adverse effects of drug abuse. While these factors do not excuse her misconduct, they justify a downward deviation from the baseline sanction of disbarment.
Considering the prior jurisprudence of this court, the board recommended respondent be suspended from the practice of law for three years, retroactive to the date of her interim suspension. The board also expressed a sincere hope that respondent will seek adequate treatment by successfully completing an inpatient substance abuse rehabilitation program and entering *1022 into a monitoring contract with LAP before applying for reinstatement to the practice of law. The board further recommended she be assessed with the costs and expenses of this matter.
The ODC filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Considering the stipulations of the parties and the factual findings of the hearing committee, we find the ODC has established the violations of the Rules of Professional Conduct as set forth in the formal charges. Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s criminal conduct, including possession of a controlled dangerous substance, is serious in nature and warrants a baseline sanction of disbarment. See, e.g., In re: Alexander, 10-0950 (La.6/25/10), 37 So.3d 999 (attorney disbarred based on conviction of distribution of controlled dangerous substances). Nonetheless, in recommending a downward deviation from this |7baseline sanction, both the hearing committee and disciplinary board placed emphasis on respondent’s substance abuse problems as a mitigating factor.
We have long recognized that an attorney’s substance abuse is not a defense to a charge of professional misconduct, but may be considered in mitigation. In the seminal case of Louisiana State Bar Ass’n v. Longenecker, 538 So.2d 156, 163 (La.1988),[3] we stated:
The most difficult consideration involving penalty, as pointed out by the Bar Association, is the weight to be given to respondent’s alcoholism during the pertinent period of practice and to his subsequent rehabilitation. While voluntary intoxication is not a defense to charges of professional misconduct, the fact of alcoholism may be an appropriate consideration in determining the mental state of the attorney and the culpability for commission of fraudulent acts. This consideration is particularly appropriate as a factor in mitigation when the attorney has subsequently undertaken to re *1023 habilitate himself and has been continu-ingly successful in recovering from the disease of alcoholism, especially if the clients did not sustain substantial harm.
Mindful of these principles, we agree with the board that respondent’s misconduct can be largely attributed to her chemical dependency. As a result, a downward deviation from the baseline sanction of disbarment to a three-year suspension is appropriate.
Nonetheless, we caution respondent that we will not consider any application for reinstatement unless and until she demonstrates a full and sustained commitment to recovery. While respondent has apparently made some tentative efforts toward rehabilitation, the evidence in the record indicates she has failed to avail herself of a full treatment program or enter into a formal recovery agreement with LAP.
In particular, we call respondent’s attention to Supreme Court Rule XIX, § 24(E)(3), which states:
I «If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension or disbarment, including alcohol or other drug abuse, the disability or infirmity has been removed. Where alcohol or other drug abuse was a causative factor in the lawyer’s misconduct, the lawyer shall not be reinstated or readmitted unless:
(a) the lawyer has pursued appropriate rehabilitative treatment;
(b) the lawyer has abstained from the use of alcohol or other drugs for at least one year; and
(c) the lawyer is likely to continue to abstain from alcohol or other drugs.
Should respondent decide to seek reinstatement in the future, she will be required to show compliance with each subsection of Rule XIX, § 24(E)(3) before being allowed to return to the practice of law. In any event, and regardless of respondent’s future intention to resume the practice of law, we strongly encourage her to avail herself of the resources of LAP so that she may experience recovery from chemical dependency and return to a healthy and productive life.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Elizabeth Ashley Brunet-Robert, Louisiana Bar Roll number 28879, be and she hereby is suspended from the practice of law for three years, retroactive to November 18, 2009, the date of her interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
CLARK, Justice, dissents and assigns reasons.

. The committee cited In re: Blanche, 12-0552 (La.6/22/12), 90 So.3d 1034 (attorney suspended for three years for conduct including criminal charges of creating and operating a laboratory used to manufacture a controlled dangerous substance, possession of methamphetamine, and driving while intoxicated), and In re: Martin, 04-0170 (La.12/1/04), 888 So.2d 178 (attorney suspended for three years based on criminal charges resulting from the discharge of a firearm during a domestic disturbance while the attorney was intoxicated).

. The board declined to accept respondent's contention that her chemical dependency is a mitigating factor. The board reasoned that respondent is still using controlled substances for her Crohn’s disease, and she has not successfully completed a drug rehabilitation program. As long as she continues to use controlled substances on a regular basis, respondent’s rehabilitation or recovery cannot be monitored by LAP.

. We later granted rehearing in Longenecker to modify the sanction imposed, but the rehearing did not affect the reasoning of our opinion on original hearing.