PER CURIAM
*869 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Shelley Ann Martin, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Martin , 12-0328 (La. 2/7/12), 82 So.3d 1232.
FORMAL CHARGES
Count I
On September 28, 2009, New Orleans police, while responding to a report of suspicious activity, observed respondent exiting a vehicle with a needle sticking out of her forearm and blood trickling down her arm. After taking possession of the needle and questioning respondent, she acknowledged the presence of additional drug paraphernalia in a bag located under the vehicle's seat. This drug paraphernalia included additional needles, a lighter, a "coppertop" that had been burned on the bottom, and an elastic band that the police confirmed is associated with heroin use.
After respondent's arrest and arraignment for possession with intent to use drug paraphernalia in violation of La. R.S. 40:1033, she was released on bond. Respondent subsequently failed to appear in court for trial, which resulted in a bench warrant for her arrest. The district attorney's office eventually dismissed the charges against respondent when they became stale after not locating her.
The ODC alleged that respondent's conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct.
Count II
Respondent represented M.S and her husband W.S in connection with their corporate farming enterprise and business. During the representation, respondent commenced a sexual relationship with W.S. and introduced him to the drug culture in which she was engaged. Respondent's conduct with W.S. resulted in the acrimonious divorce of M.S. and W.S.
The ODC alleged that respondent's conduct violated Rules 1.7 (conflict of interest: current clients) and 8.4(a) of the Rules of Professional Conduct.
Count III
Respondent has been ineligible to practice law since September 10, 2010 for failing to pay her bar dues and the disciplinary assessment.[1] Additionally, as a result of her conduct in Count I above, respondent was interimly suspended from the practice of law by order of this court effective February 7, 2012. Notwithstanding her status, in December 2011, respondent continued to represent W.S. and his farming enterprise.
The ODC alleged that respondent's conduct violated Rules 5.5 (engaging in the unauthorized practice of law) and 8.4(a) of the Rules of Professional Conduct.
Count IV
In September 2010, respondent was arrested on an attachment for contempt of court arising from her failure to appear in response to a speeding citation. Months later, respondent appeared and paid her court fine.
In October 2012, respondent was involved in a motor vehicle accident and was *870 cited for driving with a suspended driver's license and failure to maintain control. Respondent failed to appear for her arraignment, and an attachment was issued, which attachment remains open.
The ODC alleged that respondent's conduct violated Rules 8.4(a), 8.4(b), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Count V
In March 2013, respondent and W.S. were arrested in Ascension Parish when they were caught by police in a bathroom of the Lamar Dixon Center in possession of cocaine, crack cocaine, and a crack pipe. Respondent was released on bond but failed to appear for her arraignment. A bench warrant was issued for her arrest, and she is currently a fugitive from justice.
The ODC alleged that respondent's conduct violated Rules 8.4(a), 8.4(b), and 8.4(d) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
In March 2016, the ODC filed formal charges, as set forth above, against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's submission on sanctions, the hearing committee acknowledged that the factual allegations in the formal charges were deemed admitted. The committee found that those deemed admitted facts, as supplemented and supported by the ODC's documentary submissions, demonstrate clear and convincing evidence of respondent's violation of the Rules of Professional Conduct as alleged in the formal charges.
The committee then determined that respondent intentionally violated duties owed to her clients and the legal profession. While her conduct may have been fueled by drugs, it nonetheless caused significant harm to both her clients and the legal profession. In aggravation, the committee found a pattern of misconduct and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency. In mitigation, the committee found only the absence of a prior disciplinary record.
After considering this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be disbarred.
Neither respondent nor the ODC objected to the hearing committee's report.
Disciplinary Board Recommendation
After acknowledging the deemed admitted facts, the disciplinary board determined that the hearing committee's factual findings are supported by those facts and by the evidence submitted in support thereof. The board also determined the record supports the committee's findings that respondent violated the Rules of Professional Conduct as charged.
The board then determined that respondent knowingly and intentionally violated duties owed to her clients, the public, the legal system, and the legal profession. After considering the ABA's Standards for Imposing Lawyer Sanctions , the board concluded that the committee's recommendation of disbarment is appropriate.
*871 In aggravation, the board found the following: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and illegal conduct, including that involving the use of controlled substances. In mitigation, the board found the absence of a prior disciplinary record and inexperience in the practice of law (admitted 2007), although the board gave little weight to the latter factor since much of respondent's misconduct was unrelated to the actual practice of law.
Turning to the issue of an appropriate sanction, the board considered the following case law: In re: Placer , 16-1590 (La. 11/7/16), 216 So.3d 787, and In re: Brunet-Robert , 13-2929 (La. 5/7/14), 145 So.3d 1018. In Placer , we disbarred an attorney for presenting fabricated evidence to a tribunal in her own divorce proceeding, shoplifting merchandise valued in excess of $300, her arrest for multiple traffic violations including DWI, and a charge of possession of cocaine. In Brunet-Robert , an attorney issued sixteen checks totaling $2,000 drawn on her brother's checking account without his authorization, cashed four checks totaling $700 and made payable to her father without his authorization, possessed methamphetamine, pleaded guilty to possession of a Schedule II controlled dangerous substance, and was found in contempt of court for failing to appear in court on three occasions. Because the attorney's misconduct was largely attributable to her chemical dependency, we deviated downward from the baseline sanction of disbarment and instead suspended her from the practice of law for three years. The board, however, distinguished the instant matter from Brunet-Robert , explaining that the attorney in Brunet-Robert cooperated with the disciplinary process, stipulated to the misconduct, made full restitution to her brother, and made efforts to get treatment for her chemical dependency. In light of these differences, the board concluded that disbarment was the more appropriate sanction for respondent's misconduct.
Accordingly, the board recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The record of this deemed admitted matter supports a finding that respondent *872 possessed drug paraphernalia associated with heroin use, possessed cocaine, engaged in a sexual relationship with a client and introduced the client to drugs, represented the client while she was ineligible to practice law, was involved in a motor vehicle accident while driving with a suspended driver's license, and is a fugitive from justice with multiple warrants issued for her arrest. This conduct amounts to a violation of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
Respondent knowingly and intentionally violated duties owed to her clients, the public, the legal system, and the legal profession, causing significant actual harm. The baseline sanction for this type of misconduct is disbarment. The record supports the aggravating and mitigating factors found by the disciplinary board. Additionally, the mitigating factor of personal or emotional problems is present because evidence in the record indicates respondent has a severe drug problem.
Regarding the appropriate sanction for respondent's misconduct, in addition to the cases cited by the board, we find guidance from In re: Blanche , 12-0552 (La. 6/22/12), 90 So.3d 1034. In Blanche , an attorney neglected a legal matter, failed to communicate with a client, and was convicted of three drug- and alcohol-related criminal offenses. For this misconduct, we suspended the attorney from the practice of law for three years. In light of this case law, and given that respondent also practiced law while ineligible to do so and engaged in a sexual relationship with a client, we find disbarment is warranted.
Accordingly, we will adopt the board's recommendation and disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Shelley A. Martin, Louisiana Bar Roll number 31251, be and she hereby is disbarred, retroactive to February 7, 2012, the date of her interim suspension. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Hughes, J., dissents in part and would impose a penalty less than disbarment.

Respondent was first declared ineligible to practice law on June 19, 2010 for failing to comply with mandatory continuing legal education requirements.